NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LABIB RIACHI,<br><br>               Plaintiff,<br><br>v.<br><br>THE PROMETHEUS GROUP et al,<br><br>               Defendants. | Civil Action No. 16-cv-2749-SDW-LDW<br><br>**OPINION**<br><br>October 25, 2016 |

**WIGENTON**, District Judge.

Before this Court are the Motions to Dismiss of Defendants The Prometheus Group ("Prometheus") and First Choice For Continence, Inc. ("First Choice") (collectively "Defendants"), for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, Defendants' Motions to Dismiss are **GRANTED**.

**I.    BACKGROUND**

Plaintiff Labib Riachi is a urogynecologist at Trinitas Regional Medical Center in Elizabeth, New Jersey. (Compl. ¶ 14.) In 2010, "the United States Justice Department began an investigation of [Plaintiff], (*id.* ¶ 24), and on February 10, 2016, the United States Attorney's Office for the District of New Jersey ("Government") filed a civil action against Plaintiff in the District of New Jersey. *See United States of America v. Labib E. Riachi et al*, Civ. No. 2:16-cv-

1

00730-CCC-JBC (Dkt. No. 1 ("Government Complaint")). The Government Complaint accused Plaintiff of submitting false claims for Medicare and Medicaid reimbursement. *See generally* Government Complaint. According to the Government Complaint, Plaintiff submitted reimbursement claims for procedures that were either never performed or which Plaintiff submitted as being performed by qualified therapists when they were not. (*Id.* ¶¶ 1-4.) As a result, Plaintiff subsequently settled with the Government and "[paid] a reimbursement amount of several million dollars." (Compl. ¶ 24.) However, Plaintiff contends that he "did nothing wrong" and "was forced to settle" the civil action with the Government because Defendants provided him with inaccurate "guidance and advice." (*Id*. ¶¶ 24-25.)

On May 16, 2016, Plaintiff filed his Complaint in this matter against Defendants Prometheus and First Choice. (*See generally* Compl.) According to the Complaint, Defendant Prometheus sold a "pelvic muscle rehabilitation system" (the "equipment") to Plaintiff in or before 2006. (*Id*. ¶ 16.) Defendant Prometheus and Defendant First Choice, "a vender [sic] engaged by Prometheus to provide training," subsequently provided training and advice to Plaintiff.[1] (*Id.* ¶ 17) As part of that training and advice, Defendants allegedly:

> advised [Plaintiff] that both he and his staff were properly trained regarding the use of the equipment . . . [,]
>
> provided false advice regarding requirements relating to [licensing] . . . [,]
>
> failed to provide proper reimbursement advice . . . [,]
>
> failed to properly advise [Plaintiff] regarding the supervision requirements . . . [,]

---

[1] Although the Complaint provides little detail as to any contract(s) between the parties, it does state that Plaintiff "contracted for [Defendants'] services." (Compl. ¶ 12.) In addition, three counts of the Complaint refer to "the Agreement" between Plaintiff and Defendant, although the Complaint does not provide any detail about the terms of "the Agreement." (*See id*. ¶¶ 28, 31, 51.)

> [and] implicitly or explicitly confirmed Dr. Riachi's understanding there [sic] was adequate supervision so long as a Physician, Physician's Assistant, Nurse Practitioner, or midwife, was located either in the office suite or in the immediate vicinity.[2]

(Compl. ¶¶ 17, 19-20, 22-23.)  Importantly, however, the Complaint does not explain what aspect of each of the statements actually makes them inaccurate. (*See id*.)  Nonetheless, Plaintiff contends that solely because of Defendants' misrepresentations and omissions, he was "forced to pay millions of dollars back to the [Government]." (*Id*. ¶ 13.)  Accordingly, Plaintiff claims that Defendants are liable under the following theories: breach of contract ("Count I"), breach of the implied covenant of good faith and fair dealing ("Count II"), violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. ("N.J.S.A.") § 56:8-1, *et seq*. ("Count III"), common-law fraud ("Count IV"), negligent misrepresentation ("Count V"), negligence ("Count VI"), and unjust enrichment ("Count VII").

Prometheus filed its Motion to Dismiss now before this Court on June 23, 2016. (Dkt. No. 7.)  First Choice filed its Motion to Dismiss on August 11, 2016. (Dkt. No. 19.)  Plaintiff filed a brief in opposition to Prometheus's Motion ("Pl.'s Br. Opp. Prometheus") on July 18, 2016, (Dkt. No. 12), and a brief in opposition to First Choice's Motion ("Pl.'s Br. Opp. First Choice") on August 23, 2016. (Dkt No. 20.)  Prometheus filed its brief in reply on July 25, 2016, (Dkt. No. 14), and First Choice filed its brief in reply on August 30, 2016. (Dkt. No. 21.)

---

[2] The Complaint also alleges "Prometheus representatives advised that the most effective way to use the [pelvic muscle rehabilitation] system was to perform each of the three standard functions during the [pelvic floor physical therapy] sessions." (Compl. ¶ 20.)  However, Plaintiff does not appear to contend that this advice was inaccurate and it does not appear to be the basis for any of Plaintiff's claims.

**II.     LEGAL STANDARD**

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Iqbal* held, "to survive a motion to dismiss, a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face[]' . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citations omitted).

In *Fowler v. UPMC Shadyside*, the Third Circuit devised "a two-part analysis." 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the complaint's factual allegations from its legal conclusions. *Id.* at 210-11. Having done that, the court must take only the factual allegations as true and determine whether the plaintiff has alleged a "plausible claim for relief." *Id.* (quoting *Iqbal,* 566 U.S. at 679).[3]

---

[3] This Court notes for Plaintiff that his reliance on *Conley v. Gibson*, 355 U.S. 41 (1957), for the Rule 12(b)(6) standard in both of his opposition briefs, (*see* Pl.'s Br. Opp. Prometheus at 4; Pl.'s Br. Opp. First Choice at 3), is mistaken. The United States Supreme Court rejected *Conley's* "no set of facts" language in 2007. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562–63 (2007); *Phillips*, 515 F.3d at 232 ("It is clear that the 'no set of facts' language may no longer be used as part of the Rule 12(b)(6) standard.").

**III.     DISCUSSION**

*A.     Count I- Breach of Contract*

In Count I of the Complaint, Plaintiff alleges that Defendants' representations and omissions breached "the Agreement" between the parties. (Compl. ¶¶ 27-29.) In their Motions, Defendants argue that the Complaint does not set forth sufficient facts to sufficiently plead the existence of a contract, a breach of that contract, or any damages caused by that breach. (Prometheus's Br. Supp. Mot. Dismiss ("Prometheus's Br. Supp.") at 4-5; First Choice's Br. Supp. Mot. Dismiss ("First Choice's Br. Supp.") at 4-5.)[4] In opposition, Plaintiff argues that the Complaint "alleges the dates of the agreements with the Defendants, the services to be performed, the parties to the agreement, the exact breaches of the agreement and damages."[5] (Pl.'s Br. Opp. Prometheus at 6.) For the reasons that follow, this Court finds that the Complaint does not sufficiently state a claim for breach of contract.

In order to adequately state a claim for breach of contract under New Jersey law, a Plaintiff must allege: "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO*

---

[4] First Choice also argues in its Motion that the statute of limitations on each of the seven counts in the Complaint expired before Plaintiff filed his Complaint in this matter. (*See* First Choice's Br. Supp. at 3-4.) As this Court dismisses all counts of the Complaint on other grounds, it need not decide whether the statute of limitations has run on each of Plaintiff's claims at this time. However, this Court notes that, contrary to Plaintiff's argument, (Pl.'s Br. Opp. First Choice at 5), the accrual dates on all seven of the counts as pled were earlier than the date on which the Government filed its complaint against Plaintiff in February of 2016. For example, the accrual date for a breach of contract claim based on a sales contract in New Jersey is the date on which the breach occurs. *See* N.J.S.A. § 12A:2-725. Although it is unclear on the face of Plaintiff's Complaint precisely when the alleged breach(es) occurred, they did not occur in February of 2016. (*See* Compl. ¶¶ 12-25.) Moreover, it bears noting that although First Choice raised the issue of the statutes of limitations, First Choice did not discuss whether any of those statutes may have been tolled for any period of time. (*See* Pl.'s Br. Opp. First Choice at 5.)

[5] Plaintiff's briefs refer, at times, to a single agreement between the parties and, at other points, refer to the "agreements" between the parties.

5

*v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (citing *Coyle v. Englander's,* 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985)). In this instance the Complaint does not provide sufficient factual content for this Court to reasonably infer that Defendants' representations or omissions breached a contract between the parties. Although the Complaint does reference an "Agreement" between the parties and states that Plaintiff "contracted for [Defendants'] services," (Compl. ¶¶ 12, 28), it does *not* provide any specific details as to when the parties entered a contract, what the terms of the contract were, or how Defendants' actions might have violated those terms. (*See* Compl.) Instead, Plaintiff simply states that Defendants, through their representations and omissions, "breached the Agreement between [the parties]." (Compl. ¶ 28.) Yet, Plaintiff's assertion that "Defendants . . . breached the Agreement" is a legal conclusion, which this Court disregards in determining whether the Complaint states a plausible claim for relief. *See Fowler*, 578 F.3d at 210-11; *Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc.*, 170 F. App'x 805, 808 (3d Cir. 2006) ("Stating that a contract was breached is stating a legal conclusion."). As a result, the only factual allegations in the Complaint relevant to Count I are that Plaintiff purchased equipment from Prometheus, (Compl. ¶ 16), Defendants provided training and advice to Plaintiff, (*Id*. ¶ 17), and some of that advice was inaccurate or failed to include accurate information. (Compl. ¶¶ 17, 19-20, 22-23.) Without more, Plaintiff's Complaint has not plausibly stated a claim for breach of contract. Count I is, therefore, dismissed.[6]

---

[6] Although this Court need not determine at this time whether Plaintiff sufficiently alleged the existence of a contract, this Court notes that while the Complaint does state that Prometheus sold equipment to Plaintiff, the Complaint does *not* describe any agreement directly between Plaintiff and First Choice. (*See* Compl. ¶ 17 (describing First Choice as "a vender [sic] engaged by Prometheus to provide training[.]").)

6

### B.     *Count II- Breach of the Implied Covenant of Good Faith and Fair Dealing*

"[E]very contract in New Jersey contains an implied covenant of good faith and fair dealing." *Sons of Thunder, Inc. v. Borden, Inc.*, 690 A.2d 575, 587 (N.J. 1997) (citations omitted). To sufficiently state a claim for breach of such an implied covenant, a plaintiff must allege a defendant, acting in bad faith or with a malicious motive, "engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Associates*, 864 A.2d 387, 396 (N.J. 2005) (quoting 23 Williston on Contracts § 63:22 (4th ed.)) (internal quotation marks omitted). Moreover, "[p]roof of 'bad motive or intention' is vital to an action for breach of the covenant." *Brunswick Hills Racquet Club*, 864 A.2d at 396 (quoting *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1130 (N.J. 2001)) (citation omitted).

In Count II of the Complaint, Plaintiff alleges that Defendants' representations and omissions breached the covenant of good faith and fair dealing implied in "the Agreement" between the parties. (Compl. ¶¶ 30-32.)  Yet, the allegations in the Complaint describe Defendants' representations as "erroneous and false," (Compl. ¶ 19), and describe the omissions as "fail[ing] to provide critical information," (Compl. ¶ 22), without ever mentioning bad faith or intention. (*See* Compl.)  In addition, because the Complaint offers no information as to the terms of the contract(s) between the parties, it is impossible for this Court to reasonably infer that Defendants' conduct denied Plaintiff a benefit intended by the parties to such contract(s).  As a result, the Complaint fails to allege a plausible claim for breach of the implied covenant of good faith and fair dealing.

7

      **C.**      ***Count III- Violation of the New Jersey Consumer Fraud Act***

In Count III of the Complaint, Plaintiff contends Defendants violated the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1, *et seq.*, through their representations and omissions. (Compl. ¶¶ 33-34.) In order to sufficiently state a claim for violation of the CFA, a plaintiff must allege "1) unlawful conduct by [the] defendant; 2) an ascertainable loss by [the] plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009). With regard to the first element, that Defendants acted unlawfully, Defendants must have engaged in an "unlawful practice," which the CFA defines as:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . . .

N.J.S.A. § 56:8-2. In addition, as a claim sounding in fraud, Plaintiff's CFA claim must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *F.D.I.C. v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994). To satisfy the Rule 9(b) standard, Plaintiff's Complaint must have described the circumstances of Defendants' unlawful conduct "with sufficient particularity to place [Defendants] on notice of the 'precise misconduct with which [they are] charged.'" *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting *Lum v. Bank of America,* 361 F.3d 217, 223–24 (3d Cir. 2004)). Specifically, the Complaint "must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation . . . ." *Frederico*, 507 F.3d at 200 (3d Cir. 2007) (citing *Lum*, 361 F.3d at 224); *see also In re Advanta Corp. Sec. Litig.,* 180 F.3d 525, 534 (3d Cir. 1999) (holding that Rule 9(b) "requires plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'"

(quoting *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990))). In addition, the Complaint must allege "who made the purported misrepresentations and what specific misrepresentations were made." *Frederico*, 507 F.3d at 200.

In this instance, Defendants contend that Count III must be dismissed because, *inter alia*, the Complaint does not sufficiently allege any unlawful conduct, especially in light of the heightened Rule 9(b) pleading standard. (*See* Prometheus's Br. Supp. at 8-13; First Choice's Br. Supp. at 5-7.) In opposition, Plaintiff argues that the Complaint "has identified in precise detail the: (1) misrepresentations made, (2) the times when those misrepresentations were made, (3) the party that made the misrepresentations and (4) the harm that occurred from Plaintiff's reliance on those misrepresentations." (Pl.'s Br. Opp. Prometheus at 8; Pl.'s Br. Opp. First Choice at 7.) This Court disagrees with Plaintiff's assertion.

> The Complaint alleges that Defendants acted in violation of the CFA when they:
>
> advised [Plaintiff] that both he and his staff were properly trained regarding the use of the equipment . . . [,]
>
> provided false advice regarding requirements relating to [licensing] . . . [,]
>
> failed to provide proper reimbursement advice . . . [,]
>
> failed to properly advise [Plaintiff] regarding the supervision requirements . . . [,]
>
> [and] implicitly or explicitly confirmed Dr. Riachi's understanding there [sic] was adequate supervision so long as a Physician, Physician's Assistant, Nurse Practitioner, or midwife, was located either in the office suite or in the immediate vicinity.

(Compl. ¶¶ 17, 19-20, 22-23.) However, these allegations fall short of Rule 9(b)'s heightened pleading standard: The Complaint does not identify the person who made any of the alleged misrepresentations. It generally does not provide the specific content of the purported misrepresentations but, instead, simply identifies what subjects the misrepresentations pertained to. The Complaint does not state when the misrepresentations were made or how they were made,

i.e., in e-mails or in person. In addition, although the Complaint states that Defendants' representations were "false," it does not state what aspects of the representations actually made them false or misleading. In other words, the Complaint does not allege "the who, what, when, where, and how" of the purported misrepresentations. *See In re Advanta Corp. Sec. Litig.,* 180 F.3d at 534 (quoting *DiLeo*, 901 F.2d at 627). In addition, insofar as the Complaint alleges Defendants violated the CFA through knowing omissions, as opposed to affirmative actions, the Complaint does not sufficiently allege that Defendants made such omissions with the intent that Plaintiff would rely on such omissions. *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994) ("[W]hen the alleged consumer fraud consists of an omission, the plaintiff must show that the defendant acted with knowledge, and intent *is* an essential element of the fraud."). Accordingly, Count III is dismissed for failure to state a claim for violation of the CFA.

### D.  Count IV- Common-law Fraud

In Count IV of the Complaint, Plaintiff alleges Defendants are liable for common-law fraud as a result of the purported misrepresentations Defendants made to Plaintiff. (Compl. ¶¶ 35-40.) "To state a claim for fraud under New Jersey law, a plaintiff must allege (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage." *Frederico*, 507 F.3d at 200 (citing *Gennari v. Weichert Co. Realtors,* 691 A.2d 350, 367–68 (N.J. 1997)). Such claims are also subject to the heightened pleading standard of Rule 9(b). *Frederico*, 507 F.3d at 200.

In this instance, Plaintiff's fraud claim is not supported by sufficient factual allegations. As discussed in Section III.C., *supra*, the Complaint does not plead with specificity the who, what,

10

when, where and how of the false representations made to Plaintiff. Accordingly, Count IV is dismissed for failure to state a claim.[7]

### E. Count V- Negligent Misrepresentation

In Count V of the Complaint, Plaintiff alleges Defendants are liable for negligent misrepresentation as a result of their purported misrepresentations. (Compl. ¶¶ 41-45.) "In order to state a claim for negligent misrepresentation under New Jersey law, a plaintiff must allege: (1) an incorrect statement, (2) negligently made, (3) upon which plaintiff justifiably relied, and (4) resulted in economic loss or injury as a consequence of that reliance." *Mason v. Coca-Cola Co.*, 774 F. Supp. 2d 699, 704 (D.N.J. 2011) (citing *H. Rosenblum, Inc. v. Adler,* 461 A.2d 138, 142–43 (N.J. 1983)). In this instance, Plaintiff's claim of negligent misrepresentation is premised upon Defendants' allegedly fraudulent misrepresentations and omissions regarding reimbursement and supervision requirements. (*See* Compl. ¶¶ 41-45.) Therefore, Plaintiff's negligent misrepresentation claim is also subject to Rule 9(b)'s heightened pleading standard. *See Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 85–86 (3d Cir. 2015). However, as discussed in Section III.C., *supra*, the Complaint does not plead the factual details surrounding the misrepresentations with the required specificity. (*See* Compl. ¶¶ 17, 19-20, 22-23.) Moreover, the Complaint does not sufficiently allege that any misrepresentations or omissions actually caused his economic loss.

According to the Complaint, "[Plaintiff] was accused by the Federal Government of improperly billing for Medicare reimbursements" and, as a result, "he was forced to settle with the

---

[7] Although this Court dismisses Count IV on other grounds, this Court notes for the parties that, while the Complaint does not sufficiently allege fraud in the inducement, Plaintiff may allege fraud as an alternative theory of liability if the validity of the contract(s) between the parties is in dispute. *See Shapiro v. Barnea*, No. CIV. 06-811 (JBS), 2006 WL 3780647, at *4 (D.N.J. Dec. 21, 2006).

11

Justice Department by paying a reimbursement amount of several million dollars." (Compl. ¶¶ 13, 24.) However, the Government Complaint accused Plaintiff of submitting Medicare and Medicaid reimbursement requests for procedures that were either never performed or which Plaintiff submitted as being performed by qualified therapists when they were not. (Government Complaint ¶¶ 1-4.) Although Plaintiff now argues in his briefs in opposition that the Government's case against him was actually based on his misuse of billing codes and his failure to use physical therapists to perform procedures, (Pl.'s Br. Opp. Prometheus at 11; Pl.'s Br. Opp. First Choice at 9), those facts are not alleged in his Complaint. (*See* Compl.)  As a result, Plaintiff's Complaint does not provide sufficient factual content to plausibly allege that any misrepresentations or omissions made by Defendants actually resulted in the economic loss Plaintiff suffered when he settled his case against the Government.  Accordingly, Count V is dismissed for failure to state a claim.

### F. Count VI- Negligence

In Count VI of the Complaint, Plaintiff alleges Defendants are liable for negligence as a result of the "false and incorrect advice" they provided to Plaintiff. (Compl. ¶¶ 46-49.) To state a negligence claim under New Jersey law, a plaintiff must allege "(1) that the defendant owed a duty of care; (2) that the defendant breached that duty; (3) actual and proximate causation; and (4) damages." *Fernandes v. DAR Dev. Corp.*, 119 A.3d 878, 885-86 (N.J. 2015).

In this instance, as discussed in Section III.F., *supra*, Plaintiff does not sufficiently allege that any of Defendants' representations to Plaintiff caused Plaintiff's damages.  In addition, Plaintiff does not provide sufficient factual details for this Court to reasonably infer that Defendants owed Plaintiff a duty of care, much less that their alleged representations breached

such duty.[8] *Kernan v. One Washington Park Urban Renewal Associates*, 713 A.2d 411, 415 (N.J. 1998) ("To recover under a negligence theory, it is paramount that a defendant first owe the plaintiff a duty.") (citations omitted). Accordingly, Count VI is dismissed for failure to state a claim.

### G. Count VII- Unjust Enrichment

In Count VII of the Complaint, Plaintiff alleges Defendants are liable under a theory of unjust enrichment because "[i]n performing under the Agreement . . . Defendants received benefits . . . but did not reciprocally benefit [Plaintiff]." (Compl. ¶ 51.) "To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.,* 641 A.2d 519, 526 (N.J. 1994). However, a claim for unjust enrichment, "cannot be maintained where a valid contract fully defines the parties' respective rights and obligations." *Jones v. Marin*, No. CIV. 07-0738, 2009 WL 2595619, at *6 (D.N.J. Aug. 20, 2009) (first citing *St. Matthew's Baptist Church v. Wachovia Bank Nat'l Assoc.*, No. 04–4540, 2005 WL 1199045, *7 (D.N.J. May 18, 2005); then citing *Winslow v. Corporate Express, Inc.*, 834 A.2d 1037 (N.J. Super. Ct. App. Div. 2003)); *Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 310 (3d Cir. 1982) (holding that "recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties").

---

[8] Although Plaintiff argues in his briefs in opposition that the factual allegations to support his negligence claim "are contained in the Complaint," (Pl.'s Br. Opp. Prometheus at 11; Pl.'s Br. Opp. First Choice at 10), Plaintiff provides no indication as to where in the Complaint such allegations may be found. In fact, throughout Plaintiff's briefs, he repeatedly argues that certain factual allegations are contained in the Complaint without ever citing to them. (*See, e.g.*, Pl.'s Br. Opp. Prometheus at 6, 8-9, 11.) In the future, briefs Plaintiff's counsel submits to this Court should contain citations, including pincites, to documents and other sources Plaintiff intends to rely on. In addition, each brief Plaintiff submits to this Court must contain a table of contents and a table of authorities as required by L.Civ.R. 7.1(b).

Although Plaintiff contends that Count VII is pled in the alternative, the Complaint plainly states that Count VII is, in fact, based on the existence of a contract between the parties. (Compl. ¶ 51.)  Dismissal of Count VII is therefore appropriate.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**.


s/ *Susan D. Wigenton*  
**SUSAN D. WIGENTON**  
**UNITED STATES DISTRICT JUDGE**

Orig:     Clerk  
cc:       Leda D. Wettre, U.S.M.J.  
          Parties